**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MAURICE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07CV18 TCM |
| | ) | |
| TRAVIS WILHITE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff, an inmate at Missouri's Southeastern Correctional Center (SECC), brings this action under 42 U.S.C. § 1983 against employees of SECC for alleged violations of his constitutional rights. The Court has reviewed the complaint, and the Court finds that the complaint should be partially dismissed pursuant to 28 U.S.C. § 1915A(b).

**28 U.S.C. § 1915A**

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

### The Complaint

Plaintiff brings this § 1983 action against several employees of SECC.  Named as defendants are Travis Wilhite (Correctional Officer), Unknown Jackson (same), Unknown Trapp (same), Richard Adams (same), C. Dowdy (Classification Caseworker), (same), Christy Clinton (same), Unknown Dickerson (same), Keith Mays (Functional Unit Manager), P. Phillips (Acting Associate Superintendent), Laura Vance (Associate Superintendent), and Steve Long (Assistant Director).  Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that on February 13, 2006, defendant Trapp escorted him from his cell to the shower area.  Plaintiff claims that Trapp stopped plaintiff on the way and ordered him to step into a cage and strip off his clothes.  Plaintiff says that Trapp

made sexual comments to him and that Trapp incited other inmates to make sexual remarks to plaintiff as well.

Plaintiff alleges that defendants Wilhite and Jackson joined Trapp and ordered plaintiff to strip. According to plaintiff, Wilhite sprayed plaintiff's face and genitals with pepper spray. Plaintiff claims that, after he was sprayed with pepper spray, Trapp, Wilhite, and Jackson took plaintiff back to his cell without allowing plaintiff to wash the pepper spray off of his body.

Plaintiff states that defendant Dowdy held a hearing regarding several conduct violations that were administered to plaintiff. Plaintiff claims that he was not appointed an attorney and was not allowed to make a phone call before the hearing. Plaintiff further claims that he was not allowed to call witnesses during the hearing. Plaintiff alleges that, as a result of the hearing, he was "punished."

Plaintiff's claims against the remaining defendants are that they denied his grievances and "failed to properly remedy complaint."

## Discussion

Plaintiff's claims against Trapp, Wilhite, and Jackson survive initial review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. As a result, the Court will order these defendants to respond to the complaint.

Plaintiff's claim against Dowdy for violating his right to due process during the grievance hearing fails to state a claim under § 1983. For due process liberty protections to attach to a prison disciplinary proceeding, plaintiff must either suffer a deprivation of liberty for a longer period than his criminal sentence called for or plaintiff must suffer a deprivation that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff has made no allegations that would give rise to an inference that due process liberty protections arose under Sandin. As a result, the Court will dismiss the complaint as to defendant Dowdy.

The complaint is frivolous as to the remaining defendants because the allegations do not rise to the level of constitutional violations, and the Court will dismiss the complaint as to the remaining defendants.

Accordingly,

**IT IS HEREBY ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Trapp, Wilhite, and Jackson shall reply to plaintiff's claims within the time provided by the applicable provisions of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Court shall dismiss the complaint as to defendants Adams, Dowdy, Clinton, Dickerson, Mays, Phillips, Vance, and Long because, as to these defendants, the

complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal shall accompany this Memorandum and Order.



_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 14th day of March, 2007.