UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MAURICE CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case no. 1:07cv0018 TCM |
| ) | |
| TRAVIS WILHITE, UNKNOWN ) | |
| TRAPP, and UNKNOWN ) | |
| JACKSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This 42 U.S.C. § 1983 action is before the Court on the motion of defendants, Travis Wilhite, "Unknown" Trapp, and "Unknown" Jackson, to dismiss for insufficient service of process. [Doc. 15]

### Background

Plaintiff, Maurice Campbell, is a prisoner at Southeast Correctional Center ("SECC") and filed his pro se complaint and a motion to proceed in forma pauperis on February 2, 2007. Five days later, the court[1] denied the motion to proceed in forma pauperis on the grounds that Plaintiff had three strikes under 28 U.S.C. § 1915(g). Plaintiff subsequently paid the filing fee. On March 14, the court issued an order finding that some claims in the complaint survived review under 28 U.S.C. § 1915A and directing the three defendants named above to respond to those claims pursuant to

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

42 U.S.C. § 1997e(g)(2). That same day, the Clerk mailed blank summonses to Plaintiff along with a letter explaining the procedure for serving process and warning him that process is required to be served within 120 days after the complaint is filed. See Fed. R. Civ. P. 4(m).

On April 4, Plaintiff moved for an order directing the United States Marshal's Office to serve process on Defendants. Plaintiff argued that he could not serve process because he is incarcerated. This motion was denied without prejudice. In its Order, the Court explained that Plaintiff was not permitted to serve process on Defendants because he is a party to the case and that service must be effected by an adult who is *not a party*. See Fed.R.Civ.P. 4(c)(2). The Court directed Plaintiff to attempt to find a qualified person to serve process and advised him that, if he could not do so, he could again move for an order directing a Marshal to serve process.

Subsequently, Plaintiff attempted to serve process by personally mailing the summonses to Defendants through SECC's internal mail system. In their motion to dismiss, Defendants argue that this is not effective service. Plaintiff counters that the motion to dismiss should be denied because he requested that other prisoners serve the summonses on Defendants and that those prisoners refused to do so, leaving him no choice but to personally send the summonses through the internal mail system. Also, Plaintiff requests that the Court reconsider his motion for appointment of a process server.

**Discussion**

Because Plaintiff attempted to serve Defendants himself, the service was ineffective under Rule 4(c)(2), which requires that summons be served by a person who is not a party.  "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."  **Printed Media Services, Inc. v. Solna Web, Inc.**, 11 F.3d 838, 843 (8th Cir. 1993).  Because Defendants have not been properly served, this Court lacks jurisdiction over them.

Under Rule 4(m), the court "shall" extend the time for service if the plaintiff shows good cause for failure to serve within 120 days.  **Adams v. AlliedSignal General Aviation Avionics**, 74 F.3d 882, 887 (8th Cir. 1996).  If the plaintiff fails to show good cause, "the court still *may* extend the time for service rather than dismiss the case without prejudice."  **Id.**  "A showing of good cause requires at least 'excusable neglect' – good faith and some reasonable basis for noncompliance with the rules."  **Id.**  Although a plaintiff's pro se status alone does not constitute good cause, **In re Kirkland**, 86 F.3d 172, 176 (10th Cir. 1996), when ruling on the question, the court should consider "'the consequences of confusion or delay attending the resolution of an in forma pauperis petition,'" **Espinoza v. United States**, 52 F.3d 939, 842 n. 8 (10th Cir. 1995) (quoting Fed.R.Civ.P. 4(m) advisory committee's note), and whether the plaintiff has made diligent and reasonable efforts to effect service, **Habib v. General Motors Corp.**, 15 F.3d 72, 74 (6th Cir. 1994).

In the instant case, within 30 days of being granted leave to proceed on his case, Plaintiff moved for the appointment of the Marshals Service for service of summons. This motion was denied without prejudice. Plaintiff then asked other inmates to serve the summons and process; they declined. Within 90 days of filing his complaint and 60 days of the court's § 1915A ruling, he attempted to serve Defendants by SECC's internal mail service.

The Court finds that Plaintiff has attempted in good faith to timely and properly serve Defendants. Moreover, the Court has discretion under Rule 4(m) to extend the time for service if Plaintiff does not show good cause for his failure to timely serve Defendants. Plaintiff moved for an order directing the Marshals Service to serve Defendants and, when denied, attempted to serve them within the means available to an incarcerated, pro se person. He did not delay service for a strategic reason, cf. **In re Kirkland**, 86 F.3d at 176, and did timely attempt to effectuate service. See **Mettle v. First Union Nat'l Bank**, 279 F.Supp.2d 598, 605 (D. N.J. 2003) (exercising discretion in extending time for service in case in which pro se plaintiff attempted to serve defendant by certified mail); **Bland v. Kansas City, Kansas Community College**, 271 F.Supp.2d 1280, 1291 (D. Kan. 2003) (granting pro se plaintiff additional time to effect proper service when plaintiff had demonstrated sincere efforts to comply with service requirements); **Gil v. Vogilano**, 131 F.Supp.2d 486, 494-95 (S.D. N.Y. 2001) (granting pro se plaintiff additional time to serve defendants when plaintiff had made good faith efforts to effectuate service and defendant had not been prejudiced).

Moreover, the Court notes that attachments to Defendants' supporting Memorandum indicate that the summons was mailed in mid-May and the motion was filed in mid-July. The former was within 120 days of filing of the complaint; the latter was after the 120-day period. The Court does not suspect Defendants of attempting to gain any strategic advantage by timing their motion to dismiss as they did; however, the timing did preclude any warning to Plaintiff about the deficiencies in service prior to the 120-day period being passed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of Defendants is **DENIED**. [Doc. 15]

**IT IS FURTHER ORDERED** that Plaintiff is granted an extension of **forty-five (45) days** within which to serve defendants Travis Wilhite, Unknown Trapp, and Unknown Jackson in accordance with the Federal Rules.

**IT IS FURTHER ORDERED** that Plaintiff's motion for reconsideration of the appointment of a process server is **GRANTED**. [Doc. 18] The United States Marshal is directed to effectuate service on defendants Travis Wilhite, Unknown Trapp, and Unknown Jackson within forty-five days of the date of this Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of October, 2007.